```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                               )
ABNER RICHARD,                 )
                               )
       Petitioner,             )
                               )
       v.                      )    CIVIL ACTION
                               )    NO. 10-10283-WGY
GARY RODEN,                    )
                               )
       Respondent.             )
                               )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                       December 21, 2010


**I.   INTRODUCTION**

Abner Richard ("Richard") brings this pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1.  The petition presented two grounds for relief: (1) whether his right to confront his accuser was violated when a witness testified to information he could have received only through a confidential informant's out-of court descriptions (Ground One); (2) whether the application for the search warrant failed to contain sufficient information to establish that the informant was reliable (Ground Two).  Id.  The Respondent moved to dismiss the petition in its entirety because Richard had failed to satisfy the statutory requirement that he first exhaust state remedies with respect to all claims in the petition.

Resp.'s Mot. Dismiss Pet., ECF No. 10. Richard sidestepped this motion by requesting that this Court omit his unexhausted claim (Ground One). Thus, Richard's only remaining claim involves whether the application for the search warrant failed to contain information sufficient to establish that the informant was reliable (Ground Two). Pet.'s Memo. Supp. Pet. 3, ECF No. 17 ("Pet.'s Memo"). In a renewed motion, the Respondent disputes the merits of the remaining claim. Resp.'s Renewed Mot. Dismiss, ECF No. 20.

### A. Procedural Posture

On August 19, 2005, Bristol County grand jury indicted Richard on three counts: (1) trafficking in cocaine; (2) committing a drug violation within 1000 feet of a school; and (3) conspiring with his wife to traffic drugs.

On November 23, 2005, Richard and his co-defendant wife filed a non-evidentiary motion to suppress, which was denied from the bench immediately following a hearing thereon; the reasons for the ruling were placed orally into the record. On March 3, 2006, a jury found Richard guilty of the first and second counts. The third count was placed on file. The Superior Court sentenced Richard to serve a term of 10 years on the trafficking charge (count one) and a term of two-and-a-half years on the school zone charge (count two). Pet's Memo. 2. Richard appealed; on December 19, 2008, the Massachusetts Appeals Court affirmed his

conviction in a Rule 1:28 Memorandum and Order.  Commonwealth v. Richard, No. 06-P-1707, 2008 WL 5263118 (Mass. App. Ct., Dec. 19, 2008).  The Massachusetts Supreme Judicial Court denied further appellate review.  Commonwealth v. Richard, 453 Mass. 1105 (2009).  Richard brings this petition timely for habeas corpus.

**B.   Facts[1]**

In June 2005, Detective Jay Huard ("Detective Huard") of the Fall River Police Department received information from a first-time confidential informant regarding crack cocaine dealing from unit 8 at 50 Pickering Street in Fall River.  Richard, his wife, Sherene Atkinson-Richard, and their two-children shared that unit.  As a result of the informant's tip, Detective Huard conducted an investigation regarding the unit's occupants and began surveillance of the building.  He then supervised a controlled drug buy, in which he watched the same informant enter the building without drugs on his person and return with a quantity of crack cocaine.  The informant told Detective Huard that he had purchased the drugs from a man later identified as Richard in unit 8.  The police applied for a warrant to search the unit.  The application was supported by an affidavit from Detective Huard that was based on his own observations and

---

[1] This recitation of the factual background is drawn from the brief Richard filed before the Massachusetts Appeals Court. See Br. App. Def.-Appellant, at *3-*12, Richard, No. 06-P-1707 (Mass. App. Ct., Dec. 19, 2008), 2007 WL 1996723.

3

knowledge, as well as information from the informant concerning drug dealing at the apartment by Richard and his wife. The police searched the unit. They found a "footlocker bag" containing a plastic bag of drugs. The drugs seized were determined to be crack cocaine.

**C. Federal Jurisdiction**

This Court may exercise jurisdiction over Richard's petition for habeas corpus pursuant to 28 U.S.C. § 2254.

**II. ANALYSIS**

**A. AEDPA**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The habeas corpus petition should be granted only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explains that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme

4

Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Id. at 405-06.

An unreasonable application of federal law occurs when "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The unreasonable application must be more than erroneous, it must be objectively unreasonable. Id. at 409.

### B. Search Warrant

Richard's only claim presently before this Court questions whether the issuance of a search warrant based in part on the confidential informant's information was supported by probable cause sufficient to satisfy the Fourth Amendment to the United States Constitution.

Richard claims that the search warrant relied on tips from a first time anonymous informant, and that the tips provided were not sufficiently detailed to ensure the requisite level of reliability. He alleges that the police saw the informant entering and exiting a multi-apartment building where Richard's apartment was located, but the police were unable directly to observe which apartment unit the informant entered. Richard argues the possibility that the informant obtained the drugs from

another unit in the building. Thus, he alleges that the police investigation was insufficient to corroborate the informant's information.

With respect to the adjudication of Fourth Amendment rights, "a federal habeas corpus court ordinarily cannot revisit a state court's disposition" except where the prisoner "had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system." Sanna v. DiPaolo, 265 F.3d 1, 8 (1st Cir. 2001) (summarizing Stone v. Powell, 428 U.S. 465 (1976)). "[A] full and fair opportunity to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations." Id. at 9 (citing Pignone v. Sands, 589 F.2d 76, 79 (1st Cir. 1978)) (internal quotation omitted).

In this case, Richard had the opportunity fully and fairly to litigate his Fourth Amendment claims in the courts of the Commonwealth of Massachusetts. Throughout these proceedings, he was represented by counsel. Pet. at 14. His motion to suppress on the ground of the alleged inadequacy of the warrant was denied after a hearing and serious consideration by the trial judge:

> Throughout Huard's affidavit, it is remarkable that the CI renders to Huard the level of detail that the CI renders. The CI's powers of observation are certainly above average as set forth in the affidavit . . . .
> The case law strongly suggests that the real purpose of a controlled buy is to corroborate the informant's reliability. That has been done in this case. Based on the entire affidavit, the jurist is satisfied that the

6

reliability prong . . . has been met and that the magistrate was justified in issuing the warrant.

Tr. Hr'g Mot. Suppress 21:23-22:23, Nov. 23, 2005. The issue of the search warrant was brought up again during the appeal from his conviction. The Appeals Court noted:

> The ordinary procedure for carrying out a controlled buy includes, inter alia, police escorting the informant to the premises where the alleged illegal activity takes place and watching the informant enter and leave the premises in order to ensure that the target of the investigation is the one from whom the drugs are obtained. See, e.g., Commonwealth v. Desper, 419 Mass. 163, 168-169 (1994) (police observed informant enter and exit a four-story townhouse); Commonwealth v. Carrasquiello, 45 Mass. App. Ct. 772, 775 (1998) (police observed informant enter and exit a multi-apartment building). Here, police saw the informant enter the multi-unit building in which the defendants' apartment was located, but were not able to observe directly which apartment unit he entered. It was thus possible that the informant obtained the drugs from another unit in the building.
> In Commonwealth v. Warren, the court concluded that police were entitled to infer - and a magistrate could rely on such inference in issuing a search warrant - that an informant who entered a three-unit apartment house had made a controlled buy at the target apartment . . . .
> In these circumstances, consistent with the outcome in Warren, police - as well as the magistrate who ultimately issued the warrant - were entitled to infer that the informant had entered the defendant's apartment to make the controlled purchase, thereby providing an adequate, independent basis for finding a probable cause.

Richard, 2008 WL 5263118, at *1-*2 (citations ommitted).

Richard had a full and fair opportunity to litigate his Fourth Amendment claim in the Massachusetts state courts. He fails to show by clear and convincing evidence that the Appeals Court has in any way mischaracterized the evidentiary record or

7

misapplied federal law as declared by the Supreme Court.  His habeas corpus petition must be denied.

## III. CONCLUSION

Richard's Petition does not establish that he is in custody in violation of the United States Constitution or federal laws.  Therefore, his petition for habeas corpus [ECF No. 1] must be, and hereby is, DENIED.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE